1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    GIBRALTER LLC, *et al*.

                                              Case No. 1:24-cv-00174-CDB
12                Plaintiffs,
                                              ORDER DISCHARGING APRIL 26, 2024,
13          v.                                ORDER TO SHOW CAUSE

14    DMS FLOWERS, LLC, *et al*.              (Doc. 4)

15                Defendants.

16

17          On February 6, 2024, Plaintiffs Gibralter, LLC and Divinely, Inc. ("Planitiffs") filed a

18    complaint against Defendants DMS Flowers, LLC., Maria Pantoja, Samantha Andrade, and

19    Daniel Andrade ("Defendants").  (Doc. 1).  The Court set an initial scheduling conference in this

20    action for May 2, 2024.  (Doc. 3).  Plaintiffs assert each Defendant was "preliminarily served"

21    with a copy of the proceeds on February 8, 2024, via "PandaDoc" and email.  (Doc. 9 at ¶¶ 2, 4).

22          On April 26, 2024, the Court issued an order to show cause why sanctions should not be

23    imposed for Plaintiffs' failure to prosecute this action and failure to comply with the Court's

24    orders concerning service of process and filings required in advance of the mandatory scheduling

25    conference.  (Doc. 4).  Because of Plaintiffs' failure to comply, the Court was required to reset

26    the mandatory scheduling conference.  *Id*.

27          On April 28, 2024, Plaintiffs timely filed a response to the order to show cause along

28    with certfactes of service.  (Docs. 5-9).  Counsel for Plaintiffs attests to having requested service

1

1  of process on Defendants through a third-party process server on April 26, 2024, after not

2  receiving responses from Defendants to Plaintiffs' request for waiver of service.  (Doc. 9 at 4).

3       To determine whether neglect is excusable, a court must consider four factors: "(1) the

4  danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on

5  the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *In*

6  *re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007).

7       Here, based on counsel's declarations, the Court finds Plaintiffs' failure to promptly serve

8  Defendants and file proofs of service and separate failure to timely file a joint scheduling report

9  constitutes excusable neglect.  However, the Court notes that the service waivers Plaintiffs

10 transmitted to Defendants and Rule 4, Fed. R. Civ. P., plainly provide that Defendants were

11 required to answer within 60 days (*e.g.*, by April 8) or be subject to default.  Nevertheless, it

12 does not appear from counsel's declaration that she undertook material efforts to coordinate

13 service until the date this Court entered its show cause order more than two weeks later.  *See*

14 (Doc. 9 at ¶¶ 12-15).

15      Plaintiffs are admonished that pursuant to Federal Rule of Civil Procedure 4(m), if a

16 defendant is not served within 90 days after the complaint is filed, the court—on motion or on its

17 own after notice to the plaintiff—must dismiss the action without prejudice against that

18 defendant or order that service be made within a specified time.  Fed. R. Civ. P. 4(m).  If the

19 plaintiff shows good cause for the failure, the court must extend the time for service for an

20 appropriate period.  *Id*.

21      Here, Plaintiffs have not requested an extension beyond 90 days and their response to the

22 show cause order (Doc. 9) does not demonstrate good cause.

23      Accordignly, it is HEREBY ORDERED, the Court's April 26, 2024, Order to Show

24 Cause (Doc. 4) is DISCHARGED.

25 IT IS SO ORDERED.

26   Dated:   **April 29, 2024**                     _____

27                                          UNITED STATES MAGISTRATE JUDGE

28

2