UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIBRALTER, LLC *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> DMS FLOWERS, LLC, *et al*. <br><br> Defendants. | Case No. 1:24-cv-00174-CDB <br><br> AMENDED ORDER GRANTING *EX PARTE* MOTION TO CONTINUE *NUNC PRO TUNC* TIME TO EFFECT SERVICE OF PROCESS[1] <br><br> (Doc. 12) |

On May 6, 2024, Plaintiffs Gibralter, LLC, and Divinely, Inc. ("Plaintiffs") initiated this action with the filing of a complaint against Defendants DMS Flowers, LLC, Maria Pantoja, Samantha Andrade, and Daniel Andrade (collectively "Defendants").  (Doc. 1).  The following day, the Court set an initial scheduling conference for May 2, 2024.  (Doc. 3).

On April 26, 2024, the Court issued an order to show why sanctions should not imposed for Plaintiffs' failure to prosecute this action and to comply with the Court's orders.  (Doc. 4). The Court noted Plaintiffs had not filed proofs of service and Plaintiffs did not comply with the Court's order (Doc. 3) to file a joint scheduling report at least one week in advance of the mandatory scheduling conference.  *Id*.  The Court continued the scheduling conference to June 5, 2024.  *Id*. at 2.

On April 28, 2024, Plaintiffs filed a response to the order to show cause along with

---

[1] The Order Granting *Ex Parte* Motion to Continue *Nunc Pro Tunc* Time to Effect Service of Process (Doc. 16) is amended to reflect the correct caption.

certificates of service. (Docs. 5-9). On April 29, 2024, the Court discharged the April 26, 2024, order to show cause. (Doc. 10). The Court found Plaintiffs' failure to promptly serve Defendants and file proofs of service and failure to timely file a joint scheduling report constituted excusable neglect. *Id*. The Court reminded Plaintiffs of their obligation pursuant to Federal Rule of Civil Procedure 4(m), to timely serve Defendants. *Id*. at 2.

On May 6, 2024, the last day to effect service of the complaint under Rule 4(m), Plaintiffs filed the instant motion in which they seek a 30-day extension of time to effect service on two presently un-served defendants. (Doc. 12).[2] In a supporting declaration, counsel for Plaintiffs attests that personal service has been completed on two Defendants and has been attempted, at least once, for the remaining two Defendants (Samantha Andrade, and Daniel Andrade). *Id*. at 4.

Federal Rule of Civil Procedure 4 provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Given counsel for Plaintiffs' attestations about ongoing efforts to effect service on the two currently un-served Defendants, the Court finds good cause to extend the time to complete service. Accordingly, IT IS HEREBY ORDERED:

1. Plaintiffs shall complete and file proof of service of process for all Defendants by June 6, 2024;
2. The mandatory scheduling conference previously set for June 5, 2024, at 9:00 a.m. (Doc. 4), is continued to July 11, 2024, at 10:00 a.m.; and

///

///

///

---

[2] The Court disfavors granting *nunc pro tunc* relief and directs Plaintiffs to exercise better care in anticipating any future requests for extensions of time and filing such requests well before the terminal filing date that Plaintiff seeks to extend. *See* L.R. 144(d) ("Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor.").

3. Plaintiffs shall serve a copy of this order on all Defendants and promptly file proof of service thereafter.

IT IS SO ORDERED.

Dated: __May 8, 2024__  _____
UNITED STATES MAGISTRATE JUDGE