UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIBRALTER, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DMS FLOWERS, LLC, *et al.*,<br><br>Defendants. | Case No. 1:24-cv-00174-CDB<br><br>ORDER DENYING PLAINTIFFS' RENEWED *EX PARTE* MOTION TO CONTINUE TIME TO FILE DEFAULT JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR LEAVE TO SEEK DISCOVERY UPON ENTRY OF DEFAULT AND PRIOR TO RULE 26(f) CONFERENCE<br><br>(Docs. 45, 47)<br><br>ORDER VACATING MOTION HEARING SET FOR 11/18/2024 AT 10:30 AM |

Pending before the Court are the renewed motions by Plaintiffs Gibralter, LLC and Divinely, Inc. ("Plaintiffs"), filed on October 24, 2024, for (1) order to continue time to file default judgment, filed on October 25, 2024, and (2) to seek discovery upon entry of default and prior to Rule 26(f) conference. (Docs. 45, 47). For the reasons set forth herein, and in the Court's Order entered on October 15, 2024 (Doc. 44), the Court will deny Plaintiffs' motions.

**DISCUSSION**

On October 15, 2024, the Court granted Defendant Daniel Andrade's motion to set aside default and denied Plaintiffs' motion to commence discovery. *Id.* In that order, the Court provided that "[o]n balance, given the disfavor generally accorded to resolving actions on default and given that

the *Mesle* factors weigh in [Defendant] Andrade's favor, the Court finds that default should be set aside." *Id.* at 9:13–14.  Further, the Court provided that "Plaintiffs' motions to commence discovery (Doc. 31) will be mooted once the parties appear for scheduling conference and the Court enters its scheduling order." *Id.* at 9:15–16.

Pursuant to Rule 60(b), the Court may relieve a party from a final judgment or order "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6).  Requests for reconsideration also are governed by Local Rule 230(j) that requires a party seeking reconsideration to set forth the material facts and circumstances surrounding the motion for reconsideration, including "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and explain "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)-(4).

Here, nothing has changed in the interim from the entry of the Court's October 15 order denying the same relief Plaintiff seeks anew.  By their renewed motions, Plaintiffs do not attempt to meet, nor have they met, their burden to proffer information responsive to Rule 60(b) and Local Rule 230(j) warranting reconsideration.

### **CONCLUSION AND ORDER**

For the forgoing reasons, it is HEREBY ORDERED that Plaintiffs' *ex parte* motion to continue time to file default judgment (Doc. 45) is DENIED and Plaintiffs' motion for leave to seek discovery upon entry of default and prior to Rule 26(f) conference (Doc. 47) is DENIED. It is FURTHER ORDERED that the Motion Hearing set for November 18, 2024, at 10:30 AM is VACATED.

The Court reiterates that, as set forth in its order of October 15, 2024, the case is set for scheduling conference on November 21, 2024, at 10:00 AM.  (Doc. 44).  The parties shall appear at the conference remotely via Zoom video conference, and the parties may obtain the Zoom ID and password from the Courtroom Deputy prior to the conference.  *Id.* at 10:1–9.  A joint scheduling

conference statement shall be filed in compliance with the procedures set forth in the Order Setting Mandatory Scheduling Conference (*see* Docs. 3 & 3-2) except that said report also shall be emailed to Courtroom Deputy Clerk Cori Boren (cboren@caed.uscourts.gov).  *Id.*  The parties SHALL address in the joint report their respective views concerning whether Teleflora must be or should be added to the action.  *Id.*; *see* Fed. R. Civ. P. 19, 20.

IT IS SO ORDERED.

Dated:   **November 5, 2024**

_____
UNITED STATES MAGISTRATE JUDGE