UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIBRALTER, LLC, *et al.*, | Case No. 1:24-cv-00174-KES-CDB |
| Plaintiffs, | ORDER GRANTING CONSTRUED JOINT MOTION FOR JOINDER OF PUTATIVE DEFENDANT/CROSS-DEFENDANT TELEFLORA |
| v. | |
| DMS FLOWERS, LLC, *et al.*, | (Doc. 77) |
| Defendants. | Clerk of the Court to Issue Summons |

## BACKGROUND

**A. Procedural Posture**

On February 6, 2024, Plaintiffs Gibralter, LLC and Divinely, Inc. ("Plaintiffs") initiated this action with the filing of a complaint in which they seek relief for trademark infringement and related claims under 15 U.S. C. §§ 1501 *et seq.* ("Lanham Act") and state law. (Doc. 1). Plaintiffs' claims are based on allegations that Defendants DMS Flowers, LLC, Daniel Andrade, Samantha Andrade, and Maria Pantoja ("Defendants") unlawfully infringed Plaintiffs' registered trademark "Bloomingful" (the "MARK"). (Doc. 68 at 2). Plaintiffs seek to: (a) preliminarily enjoin Defendants from distributing, marketing, or selling florals bearing the MARK or any words which are confusing similar to the MARK; (b) permanently enjoin Defendants from distributing, marketing, or selling florals using or bearing the MARK or any words confusingly similar to the MARK; (c) award Plaintiffs monetary damages and to treble that award; (d) require Defendants to disgorge all profits from sales of florals

1

under the infringing MARK; and (e) award Plaintiffs punitive damages, attorneys' fees, and costs. (Doc. 1 ¶ 13).

The Clerk of the Court entered defaults as to all Defendants on May 28, 2024, and June 13, 2024. (Docs. 25, 28). On October 15, 2024, the Court granted the motion of Defendant Daniel Andrade ("Andrade") to set aside default as to him only. (Doc. 44).[1]

In his answer to Plaintiffs' complaint, Andrade asserted a "crossclaim complaint" against Teleflora, a corporation doing business in Bakersfield, California. (Docs. 38-39). In the "crossclaim" against Teleflora, Andrade alleges that he purchased a business called "All My Love Fresh Flowers" in June 2023. (Doc. 39 ¶ 8). Upon purchasing the business, Andrade "changed the name to 'Bloomingful' while in escrow." (*Id.* at ¶ 9). Andrade claims he was unaware that "Bloomingful" was a trademarked name and he advertised the grand opening of his new store through various media, including radio. (*Id.* at ¶ 39); (Doc. 1 at ¶ 40). Andrade claims his business model involves receiving orders from Teleflora. (Doc. 39 ¶¶ 4, 14). Andrade alleges that around the time of the grand opening in June 2023, he "was informed that he could not use the name 'Bloomingful.'" (*Id.* at ¶ 10). Andrade acknowledges that Plaintiff Gibralter owns the trademark for "Bloomingful." (*Id.* at ¶ 18). Andrade claims he promptly changed the business name to DMS LLC. (*Id.* at ¶ 11); *see* (Doc. 1 at ¶ 18) ("As of November 9, 2023, DMS Flowers, LLC is a California Limited Liability Company and on information and belief is the new business name of Bloomingful Flowers LLC…"). Andrade claims Teleflora was supposed to remove the previous name from their advertisements when informed of the trademark issue. (Doc. 39 at ¶ 14). Andrade asserts he "specifically requested that Teleflora make this change around December 12, 2023." (*Id.* at ¶ 16). Andrade claims Teleflora complied with his request around February 24, 2024. (*Id.*).

In its order granting Andrade's motion to set aside default, the Court acknowledged Andrade's attempt to join non-party Teleflora to this action by way of his "cross complaint" asserting various causes of action against Teleflora generally relating to Plaintiffs' trademark infringement allegations. (*Id.* at 9); *see* (Doc. 39). The Court noted that Teleflora is not currently a party to this action and

---

[1] All other Defendant remain in default and are the subject of Plaintiffs' pending motions for default judgment. *See* (Docs. 52, 54, 56).

2

directed Plaintiffs and Andrade to meet and confer in connection with their preparation of a joint scheduling report and address in that report their respective views concerning whether Teleflora must or should be added to the action. (*Id.*) ("Joinder of parties is governed by Rule 19 and 20 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 13(h).").

On November 14, 2024, Plaintiffs filed the first amended scheduling report. (Doc. 64). Therein, Plaintiffs represented they met and conferred with Andrade, then-appearing pro se, on October 26, 2024. (*Id.* at 2). The parties noted that "it is unclear whether the Cross-Complaint has been [deemed filed or] served on Teleflora." (*Id.* at 3, 10). Plaintiffs represented that "the damages in Plaintiffs' Motion [to request an entry of default judgment against the three named defaulted Defendants] are based upon the reimbursement/indemnification damages Defendant [Andrade] is seeking against Teleflora." (*Id.* at 3); (*see id.* at 10) ("Defendant has filed a Cross-Complaint only against Teleflora seeking $100,000.00 as reimbursement/indemnification. Teleflora is a floral transdelivery platform upon which Defendant has an ecommerce store.").

On November 21, 2024, the Court held the scheduling conference with Plaintiffs' counsel and Defendants Daniel Andrade, Samantha Andrade, and Maria Pantoja present. (Doc. 65). The following day, the Court entered the scheduling order and therein ordered the parties to make a joint filing addressing the issue of Rule 19 and Rule 20 as to whether purported Defendant/Cross-Defendant Teleflora should or must be added to the case. (Doc. 68 at 3).

### B. The Parties' Pending Joinder Request

Pending before the Court is the parties' joint supplemental statement regarding joinder of purported Defendant/Cross-Defendant Teleflora, filed on December 6, 2024. (Doc. 77). Therein, the parties agree that Teleflora must or may be joined pursuant to Federal Rules of Civil Procedure 19(a)(1)(A) and 20(a)(2)(A). (*Id.* at 2). The parties represent that under Rule 19(a)(1)(A), Teleflora must be joined as a party because it is subject to service of process, its joinder would not deprive the Court of subject-matter jurisdiction, and, from Defendants' standpoint, the Court cannot accord complete relief among the existing parties. (*Id.*). The parties further represent that under Rule 20(a)(2)(A) and (B), Teleflora may be joined as a party because any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transactions,

occurrences, or series of transactions or occurrences. (*Id.*). Additionally, questions of law or fact that are common to all Defendants, including Teleflora, will arise in the action as under Rule 20(a)(2)(B). (*Id.*).

The Court construes the parties' joint supplemental statement as a construed joint motion for joinder of Teleflora either as a required party under Rule 19(a)(1)(A) or a permissive party under Rule 20(a)(2)(A) and (B). For the reasons below, the Court will grant the construed motion to join purported Defendant/Cross-Defendant Teleflora to this action.

## DISCUSSION

### A. Standards Concerning Joinder

The Federal Rules of Civil Procedure allow a party to "join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Rule 19 generally requires joinder of a party if "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action is so situated that disposing of the action in the person's absence may: (1) as a practical matter impair or impede the person's ability to protect the interest; or (2) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(A) & (B). Stated otherwise:

> A party may be necessary under Rule 19(a) in three different ways. First, a party is necessary if, in the party's absence, the court cannot accord complete relief among existing parties. Fed. R. Civ. P. 19(a)(1)(A). Second, a party is necessary if the party has an interest in the action and resolving the action in the party's absence may as a practical matter impair or impede the party's ability to protect that interest. Fed. R. Civ. P. 19(a)(1)(B)(i). Third, a party is necessary if the party has an interest in the action and resolving the action in the party's absence may leave an existing party subject to inconsistent obligations because of that interest. Fed. R. Civ. P. 19(a)(1)(B)(ii).

*Heerde v. Learfield Commc'ns, LLC*, No. 2:23-CV-04493-FLA (MAAx), -- F. Supp. 3d --, 2024 WL 3573874, at *11 (C.D. Cal., July 19, 2024) (internal citations omitted). If these requirements are satisfied, the person "must be joined" so long as doing so will not deprive the court of subject matter jurisdiction. Fed. R. Civ. P. 19(a)(1); *Jackson v. LinkedIn Corp.*, No. 24-CV-00812-PCP, -- F. Supp. 3d --, 2024 WL 3823806, at *1 (N.D. Cal., Aug. 13, 2024). "If a person who is required to be joined if feasible cannot be joined"—for example, because doing so would eliminate the Court's subject matter

4

jurisdiction—"the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b); *Jackson*, 2024 WL 3823806, at *2.

Separately, Federal Rule of Civil Procedure 20(a)(2) provides for the permissive joinder of defendants to an action if: (A) any right to relief asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2)(A) and (B). "[O]nce these requirements are met, a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Visendi v. Bank of America, N.A.*, 733 F.3d 863, 870 (9th Cir. 2013) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000), *quoting Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir.1980)).  "Permissive joinder is to be liberally construed to promote the expeditious determination of disputes, and to prevent multiple lawsuits." *Cuprite Mine Partners LLC v. Anderson*, 809 F.3d 548, 552 (9th Cir. 2015) (citation omitted).  Under the Federal Rules, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

**B. Analysis**

Here, the parties represent that Teleflora must be joined under Rule 19(a)(1)(A) as Teleflora is subject to the service of process and its joinder would not deprive the court of subject matter jurisdiction.  (Doc. 77 at 2).  The parties further represent that from Defendant Andrade's standpoint, "the Court cannot accord complete relief among the existing parties." (*Id.*).  Plaintiffs represented in the joint scheduling report that the damages it seeks in its motion to request an entry of default judgment against the three named Defendants "are based upon the reimbursement/indemnification damages that Defendant [Andrade] is seeking against Teleflora."  (Doc. 64 at 3); (*see id.* at 10) ("Defendant has filed a Cross-Complaint only against Teleflora seeking $100,000.00 as reimbursement/indemnification.  Teleflora is a floral transdelivery platform upon which Defendant has an ecommerce store.").

5

Defendant Andrade has a colorable claim seeking reimbursement and indemnification damages against Teleflora, and those claims are closely related to Plaintiffs' claims alleging unlawful infringement of its registered trademark "Bloomingful" (the "MARK") against Defendants. (Doc. 39 ¶¶ 17, 22) ("[Defendant Daniel Andrade] seeks to sue Teleflora for their delay in updating his business name, which led to the infringement lawsuit. . .. Teleflora's delay in removing the name 'Bloomingful' from their advertisements, despite [Andrade's] request, is the primary cause of the continued infringement on the internet."); *see* (Doc. 1).  As such, the Court finds that Andrade's cross claims are "so situated" to the subject of Plaintiffs' claims that disposing of the action in Teleflora's absence may impair or impede the parties' ability to protect its asserted interests or place Defendant Andrade (and other defaulted Defendants) at a material risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a)(1)(A) & (B); *see Heerde*, 2024 WL 3573874, at *1.  Thus, in the interest of efficiency and judicial economy, these claims should be heard together, and Teleflora must be joined as a required party under Rule 19(a)(1)(A) and (B).  *See CP Nat'l. Corp. v. Bonneville Power Admin.,* 928 F.2d 905, 912 (9th Cir. 1991) (noting that a "necessary party" is one "having an interest in the controversy, and who ought to be made [a] part[y], in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it") (quoting *Shields v. Barrow,* 58 U.S. (17 How.) 130, 139 (1854)).  The required joinder of Teleflora will not deprive the Court of subject matter jurisdiction as this action arises under the Lanham Act and the Court retains supplemental jurisdiction over the related state law causes of action (including those asserted in Defendant Andrade's crossclaim).  *See* 28 U.S.C. §§ 1331, 1367.

Furthermore, Teleflora may be joined as a permissive party under Federal Rule of Civil Procedure 20(a)(2).  The parties agree that any right to relief is asserted against Teleflora jointly, severally, or in the alternative with respect to or arising out of the same transactions, occurrences, or series of transactions of occurrences, and that questions of law or fact common to all Defendants, including Teleflora, will arise in the action.  (Doc. 77 at 2).  Specifically, the Court notes that questions of law or fact common to all Defendants, including purported Defendant/Cross-Defendant Teleflora, exist as to Andrade's crossclaims against Teleflora for reimbursement/indemnification

damages owed due to Teleflora's alleged delay in removing the MARK from its advertisements of Defendant Andrade's business on the internet. Fed. R. Civ. P. 20(a)(2); *see* (Doc. 39 ¶¶ 14, 17, 21); *see also* (Doc. 1 ¶ 6) ("This case arises out of the Defendants' infringement upon [and continued use of] Gibralter's registered trademark BLOOMINGFUL[] … after being served a cease and desist letter."). There is no indication that allowing Teleflora to join the action would cause prejudice, as the underlying issues are the same. *Visendi*, 733 F.3d.1 at 870. Importantly, joining Teleflora would promote fairness as this litigation proceeds. *See Yurok Tribe v. U.S. Bureau of Reclamation*, 593 F. Supp.3d 916, 930 (N.D. Cal. 2022).

In sum, the Court finds joinder of purported Defendant/Cross-Defendant Teleflora is appropriate as required under Rule 19(a)(1)(A) and (B) and permissively under Rule 20(a)(2).

**CONCLUSION AND ORDER**

Accordingly, it is HEREBY ORDERED that:

1. The construed joint motion for joinder of putative Defendant/Cross-Defendant Teleflora under either Rule 19(a)(1)(A) and (B) as a required party or under Rule 20(a)(2) as a permissive party (Doc. 77) is GRANTED;
2. The Clerk of the Court is DIRECTED to issue a summons as to Defendant/Cross-Defendant Teleflora; and
3. Defendant Andrade SHALL effect service of process of summons, complaint, and crossclaim (Doc. 39) within 45 days of issuance of the summons to Teleflora and promptly file proofs of service of the summons, complaint, and crossclaim so the Court has a record of service.

IT IS SO ORDERED.

Dated: __December 30, 2024__    _____
UNITED STATES MAGISTRATE JUDGE

7