UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIBRALTER, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DMS FLOWERS, LLC, *et al.*, <br><br> Defendants. | Case No. 1:24-cv-00174-KES-CDB <br><br> ORDER GRANTING UNOPPOSED MOTION TO AMEND THE COMPLAINT AND DIRECTING SERVICE <br><br> (Doc. 81) <br><br> ORDER GRANTING UNOPPOSED MOTION TO AMEND THE CROSSCLAIM AND DIRECTING SERVICE <br><br> (Doc. 84) <br><br> **7-DAY DEADLINE** |

Pending before the Court are the unopposed motions of Plaintiffs Gibralter, LLC ("Gibralter") and Divinely, Inc. ("Divinely") (collectively, "Plaintiffs") to amend the complaint, filed on January 20, 2025 (Doc. 81), and the unopposed motion of Defendant Daniel Andrade ("Andrade") to amend the crossclaim, filed on January 21, 2025 (Doc. 84). The Court addresses the motions in turn below.

I.   **Relevant Background**

On February 6, 2024, Plaintiffs initiated this action with the filing of a complaint in which they seek relief for trademark infringement and related claims under 15 U.S. C. §§ 1501 *et seq.*

1  ("Lanham Act") and state law.  (Doc. 1).  Plaintiffs' claims are based on allegations that
2  Defendants DMS Flowers, LLC ("DMS"), Andrade, Maria Pantoja, and Samantha Andrade
3  (collectively, "Defendants") unlawfully infringed Plaintiffs' registered trademark "Bloomingful"
4  (the "MARK").  (Doc. 68 at 2).

5  　　　　In his answer to Plaintiffs' complaint (filed while appearing pro se), Andrade asserted a
6  "crossclaim complaint" against Teleflora, a corporation doing business in Bakersfield, California.
7  (Docs. 38, 39).  In the purported crossclaim against Teleflora, Andrade alleges that he purchased
8  a business called "All My Love Fresh Flowers" in June 2023.  (Doc. 39 ¶ 8).  Upon purchasing
9  the business, Andrade "changed the name to 'Bloomingful' while in escrow."  (*Id.* at ¶ 9).
10 Andrade alleges he was unaware that "Bloomingful" was a trademarked name and that he
11 advertised the grand opening of his new store through various media, including radio.  (*Id.* at ¶
12 39); (Doc. 1 at ¶ 40).  Andrade alleges his business model involves receiving orders from
13 Teleflora.  (Doc. 39 ¶¶ 4, 14).  Andrade alleges that around the time of the grand opening in June
14 2023, he "was informed that he could not use the name 'Bloomingful.'"  (*Id.* at ¶ 10).  Andrade
15 acknowledges that Plaintiff Gibralter owns the trademark for "Bloomingful."  (*Id.* at ¶ 18).
16 Andrade claims he promptly changed the business name to DMS LLC.  (*Id.* at ¶ 11); *see* (Doc. 1
17 at ¶ 18) ("As of November 9, 2023, DMS Flowers, LLC is a California Limited Liability
18 Company and on information and belief is the new business name of Bloomingful Flowers
19 LLC…").  Andrade claims Teleflora was supposed to remove the previous name from their
20 advertisements when informed of the trademark issue.  (Doc. 39 at ¶ 14).  Andrade alleges he
21 "specifically requested that Teleflora make this change around December 12, 2023."  (*Id.* at ¶ 16).
22 Andrade claims Teleflora complied with his request around February 24, 2024.  (*Id.*).

23 　　　　In the Court's order granting Andrade's motion to set aside default as to him only (Doc.
24 44), the Court acknowledged Andrade's attempt to join non-party Teleflora to this action by way
25 of his "cross complaint" asserting various causes of action against Teleflora generally relating to
26 Plaintiffs' trademark infringement allegations.  (Doc. 44 at 9); *see* (Doc. 39).  The Court noted
27 that Teleflora was not currently a party to this action and directed Plaintiffs and Andrade to meet
28 and confer in connection with their preparation of a joint scheduling report and address in that

report their respective views concerning whether Teleflora must or should be added to the action. (*Id.*) ("Joinder of parties is governed by Rule 19 and 20 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 13(h).").

On November 14, 2024, Plaintiffs filed the first amended scheduling report. (Doc. 64). Therein, Plaintiffs represented they met and conferred with Andrade, then-appearing pro se, on October 26, 2024. (*Id.* at 2). The parties noted that "it is unclear whether the Cross-Complaint has been [deemed filed or] served on Teleflora." (*Id.* at 3, 10). Plaintiffs represented that "the damages in Plaintiffs' Motion [requesting entry of default judgment against the three named defaulting Defendants] are based upon the reimbursement/indemnification damages Defendant [Andrade] is seeking against Teleflora." (*Id.* at 3); (*see id.* at 10) ("Defendant has filed a Cross-Complaint only against Teleflora seeking $100,000.00 as reimbursement/indemnification. Teleflora is a floral transdelivery platform upon which Defendant has an ecommerce store.").

On November 21, 2024, the Court convened for the scheduling conference with Plaintiffs' counsel and Defendants Daniel Andrade, Samantha Andrade, and Maria Pantoja present. (Doc. 65). The following day, the Court entered the scheduling order and therein ordered the parties to make a joint filing addressing the issue of Rule 19 and Rule 20 as to whether purported Defendant/Cross-Defendant Teleflora should or must be added to the case. (Doc. 68 at 3). The parties filed the joint supplemental statement in response to the Court's order on December 6, 2024. (Doc. 77).

On December 30, 2024, the Court granted the parties' construed joint motion for joinder of putative Defendant/Cross-Defendant Teleflora under either Rule 19(a)(1)(A) and (B) as a required party or under Rule 20(a)(2) as a permissive party. (Doc. 78). A summons issued as to Teleflora the same day and the Court directed Defendant Andrade to effect service of process within 45 days and promptly file proofs of service. (*Id.* at 7); (Doc. 79).

On January 20, 2025, Plaintiffs filed the instant, unopposed motion to amend the complaint with the proposed first amended complaint attached as "Exhibit 1" to the incorporated declaration of counsel Laurie Doucet Normandin (Doc. 81); the following day, Defendants filed

the instant, unopposed motion to amend the crossclaim with the proposed first amended crossclaim attached as "Exhibit A" to the declaration of counsel H. Larry Elam (Docs. 84, 84-1).

## II.     Governing Authority

Rule 15 provides that a plaintiff may amend the complaint only by leave of the court or by written consent of the adverse party if the amendment is sought more than 21 days after the filing of a responsive pleading or a motion to dismiss. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal" and a court should freely give leave to amend when "justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality'") (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)).

Granting or denying leave to amend a complaint under Rule 15 is within the discretion of the court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir, 1981); *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011) ("refusing Chudacoff leave to amend a technical pleading error, albeit one he should have noticed earlier, would run contrary to Rule 15(a)'s intent.").

A court ordinarily considers five factors to assess whether to grant leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). In conducting this five-factor analysis, the court generally grants all inferences in favor of permitting amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Moreover, the court must be mindful that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

///

**III.     Plaintiffs' Motion to Amend the Complaint (Doc. 81)**

The Court addresses the relevant *Nunes* factors below.

**A.     Bad Faith**

A motion to amend is made in bad faith where there is "evidence in the record which would indicate a wrongful motive" on the part of the litigant requesting leave to amend. *DCD Programs*, 833 F.2d at 187; *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) ("In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt.") (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)).

Here, there is insufficient information before the Court to conclude that Plaintiffs harbor a wrongful motive in requesting leave to amend. Plaintiffs represent that the amending of the complaint is "not proposed in bad faith[.]" (Doc. 81 at 2). Plaintiffs appears to move this litigation forward by seeking to amend the complaint only as to Defendant/Cross-Defendant Teleflora in light of the Court's joinder of that party. (*Id.* at 1) ("Plaintiffs … move … to amend the complaint and substitute Defendant Teleflora [] for John Doe 1."). Accordingly, this factor weighs in favor of amendment.

**B.     Undue Delay**

By itself, a showing of undue delay is insufficient to deny leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973); *DCD Programs*, 833 F.2d at 186. However, in combination with other factors, delay may be sufficient to deny amendment. *Webb*, 655 F.2d at 979-80; *see Lockheed Martin Corp. v. Network Solutions Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (substantial delay, while not dispositive, is relevant to whether to permit amendment). In assessing whether there exists undue delay, a court shall consider if "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (citations omitted). The mere fact that a party fails to offer a reason for not moving to amend earlier does not in itself constitute an adequate basis for denying leave to amend. *Howey*, 481 F.2d at 1190-91. Whether there has been "undue delay" should be considered in the context of (1) the length of the delay measured

5

from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991).

Here, Plaintiffs represent that "the amending of [the] complaint is not the product of undue delay" as "Plaintiffs' deadline for filing pleading amendments is January 20, 2025" and the Court "granted the parties' construed order to add Teleflora as a Defendant on December 30, 2024." (Doc. 81 at 2). Because Plaintiffs timely filed the motion to amend the complaint after Teleflora was joined to this action, this factor weighs in favor of amendment.

### C. Prejudice to Opposing Party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs, Ltd.*, 833 F.2d at 187. There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

Here, Defendants did not oppose Plaintiffs' motion to amend the complaint nor have Defendants shown any prejudice would result from permitting amendment of the complaint. Plaintiffs represent that amendment of the complaint "is not prejudicial to the opposing party" as Defendant Andrade "has had a chance to answer" the complaint and "no claims against Defendant [] Andrade have been altered." (Doc. 81 at 1). Plaintiffs represent the only changes Plaintiffs have made are "in relation to Teleflora." (*Id.* at 2). Thus, this factor weighs in favor of amendment.

### D. Prior Amendments

The Court's discretion to deny leave to amend is "particularly broad" where a party has previously amended the pleading. *Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Here, Plaintiffs' proposed amendments would constitute the first amendment to the pleadings. (Doc. 81). Thus, this factor weighs in favor of granting leave to amend.

### E. Futility of Amendment

A court may deny leave to amend if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). An

amendment is futile if the complaint clearly could not be saved by amendment. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). However, denial of leave to amend on futility grounds is "rare." *Zurich Am. Ins. Co. of Illinois v. VForce Inc.*, No. 2:18-cv-02066-TLN-CKD, 2020 WL 2732046, at *3 (E.D. Cal. May 26, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). "Ordinarily, 'courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" (*Id.*).

Here, Plaintiffs represent that amendment of the complaint is not futile as the parties "agreed that to have complete relief, Teleflora must be joined[.]" (Doc. 81 at 2). Plaintiffs represent that by amending the complaint "and substituting Teleflora LLC for John Doe 1, Plaintiffs will be able to pursue complete relief." (*Id.*). Because the Court finds that amendment would not be futile, this factor weighs in favor of amendment.

Because the *Nunes* factors all weigh in favor of amendment, the Court will grant Plaintiffs' motion to amend the complaint.

## IV.     Defendant Daniel Andrade's Motion to Amend the Crossclaim (Doc. 84)

The Court now turns to Defendant Daniel Andrade's motion to amend the crossclaim and addresses the relevant *Nunes* factors. Andrade represents that the *Nunes* factors "favors granting Andrade leave to amend" his crossclaim as the request "is made in good faith in pursuit of claims based on the resolution of the Plaintiffs' Complaint[.]" (Doc. 84 at 6). Andrade represents that "given that there is merit to the claims, permitting [him] to amend" his crossclaim to add "the Contributory Trademark Infringement, and Equitable Indemnity claims would not be futile." (*Id.*). Andrade further represents that "none of the parties will be prejudiced by the additional claims" and Plaintiff[s are] already in this action and Cross-Defendant Teleflora has never been served with the crossclaim and discovery has not commenced." (*Id.*). Andrade represents he "is acting diligently in litigating this action and in bring this motion[.]" (*Id.* at 3).

Here, Andrade's timely motion is unopposed, and Plaintiffs do not show the motion is made in bad faith, with undue delay, or with prejudice to them. The motion is Andrade's first seeking of amendment of his crossclaims and does not appear futile given the Court's joinder of

7

Teleflora as a Defendant/Cross-Defendant in this action. Thus, the Court finds the *Nunes* factors all weigh in favor of granting amendment of the crossclaims.

## V.     Conclusion and Order

Based on the foregoing, it is hereby ORDERED:

1. Plaintiffs' motion to amend the complaint (Doc. 81) is GRANTED;
2. Within **seven (7) days** of entry of this order, Plaintiffs shall file a first amended complaint electronically as a standalone docket entry in this case, upon which the first amended complaint shall become the operative complaint;
3. Within **30 days** of filing of the first amended complaint, Plaintiffs shall effect service of summons (*see* Doc. 79) and complaint upon Defendant/Cross-Defendant Teleflora and promptly file proof of service;
4. Defendant Daniel Andrade's motion to amend the crossclaim (Doc. 84) is GRANTED;
5. Within **seven (7) days of** entry of this order, Defendant Daniel Andrade shall file a first amended crossclaim electronically as a standalone docket entry in this case, upon which the first amended crossclaim shall become the operative crossclaim;
6. Within **30 days** of filing of the first amended crossclaim, Defendant Daniel Andrade shall effect service of the crossclaim upon Defendant/Cross-Defendant Teleflora and promptly file proof of service; and
7. Within **14 days** from Defendant/Cross-Defendant Teleflora's appearance in this action, the parties shall meet and confer and file a joint status report addressing the further scheduling of this action.

**Any failure by the parties to timely comply with this order will result in the imposition of sanctions, including and up to a recommendation to dismiss this action.**

IT IS SO ORDERED.

Dated:   **March 24, 2025**

UNITED STATES MAGISTRATE JUDGE

8