UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIBRALTER, LLC, *et al.*,<br><br>   Plaintiffs,<br><br>   v.<br><br>DMS FLOWERS, LLC, *et al.*,<br><br>   Defendants. | Case No. 1:24-cv-00174-KES-CDB<br><br>ORDER ON STIPULATION VACATING JUNE 2, 2025, MID-DISCOVERY STATUS CONFERENCE<br><br>(Doc. 107)<br><br>ORDER VACATING CASE MANAGEMENT DATES AND DEADLINES PENDING RESOLUTION OF DEFENDANT/CROSS-DEFENDANT TELEFLORA, LLC'S PENDING MOTION TO DISMISS<br><br>(Docs. 68, 107) |

**Relevant Background**

On February 6, 2024, Plaintiffs Gibralter, LLC, and Divinely, Inc., initiated this action with the filing of a complaint against Defendants Daniel Andrade, Samantha Andrade, DMS Flowers, LLC, and Maria Pantoja (the "DMS Flowers Defendants"). (Doc. 1). The scheduling of the case was complicated and significantly delayed given the entry of defaults against those Defendants, their pro se status (initially), and the litigation of motions for default judgment and to set aside defaults. Following a scheduling conference at which Defendants appeared pro se, on November 22, 2024, the Court entered the operative scheduling order (*see* Doc 68), and in the months that

followed, the DMS Flowers Defendants retained counsel and successfully litigated the setting aside of defaults.

On December 30, 2024, the Court granted the parties' construed joint motion for joinder of putative Defendant/Cross-Defendant Teleflora, LLC ("Teleflora") under either Rule 19(a)(1)(A) and (B) as a required party or under Rule 20(a)(2) as a permissive party. (Doc. 78). A summons issued as to Teleflora the same day and the Court directed Defendant Daniel Andrade to effect service of process within 45 days and promptly file proofs of service. (*Id.* at 7); (Doc. 79).

On March 24, 2025, the Court granted the parties' unopposed motions to amend the complaint and to amend the crossclaim. (Doc. 90). On March 25, 2025, Defendant Daniel Andrade filed the operative, first amended crossclaim and on March 27, 2025, Plaintiffs filed the operative, first amended complaint. (Docs. 92, 93). On May 15, 2025, the DMS Flowers Defendants filed an answer to the first amended complaint. (Doc. 99).

On May 21, 2025, Defendant/Cross-Defendant Teleflora filed the pending motion to dismiss the first amended crossclaim. (Doc. 106).

**Order Vacating Case Management Dates**

Pending before the Court[1] is the parties' joint mid-discovery status conference report, filed on May 27, 2025. (Doc. 107). The parties request the Court to vacate the June 2, 2025, mid-discovery status conference and to adopt the proposed stipulation to amend case management dates in the scheduling order. (*Id.* at 2, 6, 7). The parties represent that Plaintiffs have not yet sent requests for production to Teleflora, and "[w]ithout the knowledge and content of their answer" which is currently due on June 9, 2025, "Plaintiffs are unable to complete the discovery process within the amount of time remaining" in light of the current non-expert discovery deadline of August 18, 2025. (*Id.* at 4). Teleflora represents that it takes the position "that discovery is premature prior to resolution" of its pending motion to dismiss the first amended crossclaim and

---

[1] On May 22, 2025, following the parties' consent to the jurisdiction of a United States Magistrate Judge, this action was reassigned to the undersigned for all further proceedings, including trial and entry of judgment, pursuant to 28 U.S.C. § 636(c)(1). (Doc. 105).

because "it was only recently added as a defendant" and "has not yet responded" to the first amended complaint. (*Id.*).

In light of the parties' representations in the joint mid-discovery status conference report, and Teleflora's pending motion to dismiss, the Court finds good cause to vacate the June 2, 2025, mid-discovery status conference and all case management dates. Upon disposing of Teleflora's pending motion to dismiss, the Court will enter an amended scheduling order as appropriate.

**Conclusion and Order**

Based on the foregoing, it is hereby ORDERED:

1. The mid-discovery status conference set for June 2, 2025, is VACATED;
2. All case management dates and deadlines (Doc. 68) are VACATED pending disposition of Teleflora's motion to dismiss (Doc. 106); and
3. An amended scheduling order will enter following disposition of Teleflora's motion to dismiss.

IT IS SO ORDERED.

Dated: **May 28, 2025**

UNITED STATES MAGISTRATE JUDGE

3