UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIBRALTER, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DMS FLOWERS, LLC, *et al.*, <br><br> Defendants. | Case No. 1:24-cv-00174-CDB <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES TO PLAINTIFFS' FAC <br><br> (Doc. 109) <br><br> **21-DAY DEADLINE** |

Pending before the Court[1] is the motion of Plaintiffs Gibralter, LLC ("Gibralter"), and Divinely, Inc. ("Divinely") ("Plaintiffs") to strike Defendants Daniel Andrade ("Andrade"), Samantha Andrade, DMS Flowers, LLC, and Maria Pantoja's (collectively, the "DMS Flowers Defendants") affirmative defenses to Plaintiffs' first amended complaint ("FAC"), or in the alternative, for an order for a more definite statement under Federal Rule of Civil Procedure 12(e), filed on June 5, 2025. (Doc. 109). On June 20, 2025, DMS Flowers Defendants filed an opposition, and on June 30, 2025, Plaintiffs filed a reply. (Docs. 114, 119). The motion was submitted on the

---

[1] Following all parties' expression of consent to the jurisdiction of a magistrate judge for all further proceedings in this action, including trial and entry of judgment, on May 22, 2025, this action was reassigned to the undersigned pursuant to 28 U.S.C. § 636(c)(1). (Doc. 105).

record without hearing and oral argument. (Doc. 120). For the reasons set forth herein, the Court will grant in part and deny in part Plaintiffs' motion to strike.

## I.     Relevant Background

On February 6, 2024, Plaintiffs initiated this action with the filing of a complaint against DMS Flowers Defendants. (Doc. 1). On March 24, 2025, the Court granted Plaintiffs' unopposed motion to amend the complaint. (Doc. 90). On March 27, 2025, Plaintiffs filed the operative FAC. (Doc. 93). On May 15, 2025, DMS Flowers Defendants filed an answer to the first amended complaint. (Doc. 99).

## II.    Governing Authority

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may strike from an answer "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). An affirmative defense may be insufficient either "as a matter of pleading or as a matter of law." *Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 627-28 (E.D. Cal. 2014) (citing *Dodson v. Strategic Restaurants Acquisition Co.*, 289 F.R.D. 595, 603 (E.D. Cal. 2013)). "Legal insufficiency means that the affirmative defense lacks merit 'under any set of facts the defendant might allege.' Pleading insufficiency means a failure to provide the plaintiff with fair notice." *Dodson*, 289 at F.R.D. at 603 (internal citations omitted). An affirmative defense must give fair notice of the defense pled. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

"In *Kohler v. Flava Enterprises, Inc.*, the Ninth Circuit continued to apply the 'fair notice' standard to affirmative defenses." *Chock v. Stryker Corp.*, No. 1:21-cv-00996-KES-CDB, 2025 WL 1797933, at *1 (E.D. Cal. June 30, 2025) (citing *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015)) ("[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'").[2] While *Kohler* did not address any tension with *Twombly* and *Iqbal*'s "plausible on its face" standard for complaints,[3] courts in this district have

---

[2] More recently, the Ninth Circuit endorsed the continuing applicability of the "fair notice" standard to affirmative defenses. *See Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019) (citing *Wyshak*, 607 F.2d at 827).

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), establishing a "plausible on its face" standard as to allegations of a complaint.

interpreted *Kohler* as reflecting that *Wyshak*'s "fair notice" standard continues to apply to affirmative defenses.[4] *See id.* (citing *Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*, 188 F. Supp. 3d 986, 991–92 (E.D. Cal. 2016) (collecting cases)). The Court likewise applies the "fair notice" pleading standard to DMS Flowers Defendants' affirmative defenses in this case.

"An affirmative defense is adequately pled if it gives the opposing party 'fair notice of the defense' such that the other party may rebut the defense or strategize accordingly." *Gen. Convention of New Jerusalem in United States of America v. Calamigos Ranch Corp.*, No. 2:23-cv-00572-HDV-MAR, 2023 WL 6192704, at *2 (C.D. Cal. Aug. 10, 2023) (citing *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak*, 607 F.2d at 827) (overruled on other grounds by *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016)). Although the "fair notice" standard is relatively low, it imposes a requirement that there be "some valid factual basis" pleaded in support of the affirmative defense. *Rosen v. Masterpiece Mkgt. Grp.*, 222 F. Supp.3d 793, 798 (C.D. Cal. 2016) (citations omitted).

### III. Parties' Contentions

Plaintiffs move under Rules 12(f) and 12(e) to strike all 20 affirmative defenses asserted in DMS Flower Defendants' answer to the FAC, or in the alternative, require that DMS Flowers Defendants provide a more definite statement for any affirmative defenses that are not stricken. (Doc. 109 at 2-3).

DMS Flowers Defendants argue that Plaintiffs' motion to strike should be denied in part because "the unwithdrawn affirmative defenses were pled with sufficient facts to provide Plaintiffs fair notice of their affirmative defenses." (Doc. 114 at 6). Specifically, DMS Flowers Defendants agree to withdraw their First, Ninth, Tenth, Twelfth, Thirteenth, Fourteenth, and Sixteenth through

---

[4] Courts in other districts have reached divergent conclusions as to whether *Kohler's* "fair notice" standard or the *Twombly/Iqbal* standard applies to the pleading of affirmative defenses. *Cf. Cota v. Avenda Corp.*, No. 3:20-cv-01137-BEN-BGS, 2020 WL 6083423, at *3-4 (S.D. Cal. Oct. 14, 2020) (collecting cases and noting "[t]he Southern District follows the Ninth Circuit's decision in *Kohler*") *with United States v. Academy Mortgage Corp.*, No. 16-cv-02120-EMC, 2020 WL 7056017, at *2 (N.D. Cal. Dec. 2, 2020) (collecting cases and noting "[o]nly two courts in this district have applied the lower 'general terms' standard from *Kohler*," and concluding "[t]here are strong policy reasons for requiring parties to meet the pleading standard set forth in *Twombly* and *Iqbal* for affirmative defenses").

Twentieth affirmative defenses. *Id.* at 11-12. DMS Flowers Defendants contend their Second, Third, Fourth, and Fifth affirmative defenses are well-established defenses for which their mere naming is sufficient to provide Plaintiffs sufficient notice. *Id.* at 12. DMS Flowers Defendants contend that Plaintiffs' motion to strike their remaining (*i.e.*, Sixth through Eighth, Eleventh, and Fifteenth) affirmative defenses is without any citation to authority establishing they are improper affirmative defenses. *Id.* at 13. DMS Flowers Defendants request that if any unwithdrawn affirmative defenses are stricken, they be allowed 90 days within which to conduct discovery and amend their answer because Plaintiffs will suffer no prejudice from further amendment. *Id.* at 18-19.

## IV.  **Discussion**

### A.  **Withdrawn Affirmative Defenses**

Because DMS Flowers Defendants withdraw their First, Ninth, Tenth, Twelfth, Thirteenth, Fourteenth, and Sixteenth through Twentieth affirmative defenses, the Court grants Plaintiffs' motion to strike these defenses from DMS Flower Defendants' Answer.

The Court addresses Plaintiffs' motion to strike the remaining affirmative defenses (*i.e.*, Second through Fifth, Sixth through Eighth, Eleventh, and Fifteenth) in turn.

### B.  **Second through Fifth Affirmative Defenses: Unclean Hands, Laches, Estoppel, and Waiver**

DMS Flower Defendants' Second through Fifth affirmative defenses—unclean hands, laches, estoppel, and waiver—are well-established affirmative defenses that, at the pleading stage, do not require additional factual detail to be sufficiently pleaded. *See Springer*, 2015 WL 7188234 at *4 (denying plaintiff's motion to strike well-established affirmative defenses including unclean hands, laches, estoppel, and waiver as "[e]ach of these affirmative defenses was stated in a brief manner using general terms."). Accordingly, DMS Flowers Defendants' Second through Fifth affirmative defenses are sufficiently pleaded.

Plaintiffs separately contend that DMS Flowers Defendants' Fourth (estoppel) and Fifth (waiver) administrative defenses are legally insufficient such that they lack merit "under any set of facts [DMS Flowers Defendants] might allege." *Dodson*, 289 F.R.D. at 603 (internal quotations

4

omitted).  Plaintiffs argue the Fourth affirmative defense of estoppel is pled without identifying a claim for which the defense is asserted and without supporting facts to show how Plaintiffs' conduct was misleading or inconsistent.  (Doc. 109 at 6).  Plaintiffs further argue the Fifth affirmative defense of waiver is legally insufficient because DMS Flowers Defendants do not specify what right Plaintiffs purportedly waived, when and how the alleged waiver occurred, or whether the waiver was express or implied or intentional.  *Id.* at 7.  The Court notes that DMS Flowers Defendants' answer to the FAC provides that "[e]ach affirmative defense is asserted as to each and every cause of action asserted against [them] unless otherwise noted."  (Doc. 99 at 13).  Thus, it is clear DMS Flowers Defendants' Fourth affirmative defense of estoppel is pled to be applied to each of the FAC's claims.  And as noted above, estoppel is an affirmative defense that need not require additional factual detail to be sufficiently pled.  Thus, the Court rejects Plaintiffs' argument that the Fourth affirmative defense is legally insufficient.  The Court finds the Fifth affirmative defense of waiver likewise is legally sufficient.  *See Storz Management Co. v. Carey*, No. 2:18-cv-00068-TLN-DB, 2022 WL 2181661, at *3 (E.D. Cal. June 16, 2022) ("Although each of these affirmative defenses is stated in a brief manner using general terms, these are well-established defenses whose application is typically self-explanatory (and some of which are explicitly listed in Rule 8(c)(1).  As such, the Court finds the affirmative defenses put Plaintiffs on sufficient notice to survive a motion to strike.") (citing *Springer*, 2015 WL 7188234 at *4).

### C. Sixth Affirmative Defense: Failure to Mitigate

In its Sixth affirmative defense, DMS Flowers Defendants pleads that Plaintiffs failed to mitigate and substantially contributed to Plaintiffs' alleged damages, if any, and "[c]ompared to the conduct of all of the parties, Plaintiff[s'] conduct either bars in whole or in part the damages sought in the [FAC]."  (Doc. 99 at 14).

Plaintiffs contend this affirmative defense is legally insufficient because DMS Flowers Defendants fail to provide any facts to identify what of Plaintiffs' conduct caused or increased damages, to specify when or how Plaintiffs failed to mitigate, and to establish any factual basis as to what actions Plaintiffs should have taken.  (Doc. 109 at 7).

Here, the Court finds DMS Flowers Defendants have sufficiently pleaded the affirmative defense of failure to mitigate as a factual matter as "[a] generalized statement meets a party's pleading burden with respect to a damages mitigation affirmative defense." *United States v. Rite Aid Corp.*, No. 2:12-cv-1699-KJM-EFB, 2020 WL 230202, at *6 (E.D. Cal. Jan. 15, 2020) (citing *Kaur v. City of Lodi*, No. 2:14-CV-00828-TLN-AC, 2016 WL 627308, at *2 (E.D. Cal. Feb. 17, 2016)); *accord*, *Desert European Motorcars, Ltd. V. Desert European Motorcars, Inc.*, No. EDCV 11–197 RSWL (DTBx), 2011 WL 3809933, at *2 (C.D. Cal. Aug. 25, 2011) ("while this affirmative defense [of damage mitigation] contains a generalized statement, Defendant has met his pleading burden here with respect to this defense."). "When, as here, discovery has barely begun, [DMS Flowers Defendants] are not required to plead with more facts; this defense is sufficiently pleaded without additional facts." *Id.* (citing *Ganley v. Cty. of San Mateo*, No. C06-3923 TEH, 2007 WL 902551, at *6 (N.D. Cal. Mar. 22, 2007)).  Accordingly, Plaintiffs' motion to strike this affirmative defense is denied.

**D.     Seventh Affirmative Defense: Exemplary/Enhanced Damages**

In its Seventh affirmative defense, DMS Flowers Defendants pleads that none of Plaintiffs' claims state facts sufficient to warrant an award of exemplary or enhanced damages against them. (Doc. 99 at 15).

Plaintiffs argue this defense is improper and not a true affirmative defense to the extent it purports to challenge the sufficiency of Plaintiffs' allegations and is merely a "legal conclusion" that does not identify which claims or facts allegedly fail to support the damages. (Doc. 109 at 8).

The Court agrees with Plaintiffs as "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (citing *Flav–O–Rich v. Rawson Food Service, Inc. (In re Rawson Food Service, Inc.)*, 846 F.2d 1343, 1349 (11th Cir. 1988)); *accord*, *Illumina, Inc. v. BGI Genomics Co., Ltd.*, No. 19-cv-03770-WHO, 2020 WL 571030, at *6 (N.D. Cal. Feb. 5, 2020) ("affirmative defense[] of no enhanced damages …[is] not [a] true affirmative defense[.]"); *Classical Silk, Inc. v. Dolan Grp., Inc.*, No. V1409224ABMRWX, 2016 WL 7638112, at *2 (C.D. Cal. Mar. 21, 2016) (striking affirmative defenses of "punitive/enhanced damages improper" as

1  "redundant to Defendants' denial of Plaintiff's prima facie case."). Accordingly, Plaintiffs' motion
2  to strike this affirmative defense is granted.

### E. Eighth Affirmative Defense: Offset

In its Eighth affirmative defense, DMS Flowers Defendants pleads that "they have suffered damage by reason of Plaintiff[s'] conduct" and "that they have the right of offset if any amount is owed to Plaintiff[s] or due Plaintiff[s] by way of damage." (Doc. 99 at 15).

Plaintiffs argue this defense is conclusory, ambiguous, and without factual support as DMS Flowers Defendants fail to show what and how of Plaintiffs' conduct caused any damage to them, fail to identify a relationship between the parties that would give rise to mutual obligations, and fail to specify the nature, amount, or basis for the claimed offset. (Doc. 109 at 8).

The Court finds this affirmative defense is not sufficiently pled. "Under the fair notice standard, even defenses that are pled in a conclusory manner may provide fair notice so long as they are 'potentially viable affirmative defenses, the nature of the defenses is well known, and [the] [p]laintiff can seek discovery regarding the purported factual basis for the[] defenses.'" *Schwarz v. Meinberg*, No. CV1300356BROPLAX, 2016 WL 4011716, at *4 (C.D. Cal. July 15, 2016). Here, however, DMS Flowers Defendants do not specify any damages amount nor indicate how much the offset would be such that the affirmative defense is "too conclusory and does not provide Plaintiff[s] with notice of the amount of damages allegedly caused to [DMS Flowers Defendants]." *See Annunziato v. Guthrie*, CV 20-11592-RSWL-JPRx, 2021 WL 5015496, at *8 (C.D. Cal. Oct. 26, 2021). *Cf. Saunders v. Fast Auto Loans, Inc.*, No. 2:15-2624 WBS CKD, 2016 WL 1627035, at *6 (E.D. Cal. Apr. 25, 2016) (denying motion to strike affirmative defense of offset where defendants "allege in detail why they are allegedly entitled to offset and recoup against any recovery by plaintiff *due to her default on a payday loan*.") (emphasis added); *Rahman v. San Diego Accounts Services*, No. 16cv2061-JLS (KSC), 2017 WL 1387206, at *4 (S.D. Cal. Apr. 18, 2017) (finding affirmative defense of offset sufficiently pled where defendant alleges that "any recovery" should be offset by 'the amount owed to [d]efendant *resulting from the valid medical debt* from which the dispute arose.") (emphasis added); *Jacobson v. Persolve, LLC*, No. 14–CV–00735–LHK, 2014 WL 4090809, at *9 (N.D. Cal. Aug. 19, 2014) ("Even the minimal language in Persolve's

Answer satisfies the heightened 'plausibility' standard because the words 'the amount owed to Defendant' is self-explanatory *in the context of the current dispute*.") (emphasis added). Thus, Plaintiffs' motion to strike this affirmative defense is granted.

### F.   Eleventh Affirmative Defense: Non-Economic General Damages

In its Eleventh affirmative defense, DMS Flowers Defendants pleads that they "are informed and believe their[] liability, if any, for non-economic general damages is several only and not joint pursuant to the Federal Tort Claims Act [(FTCA)]." (Doc. 99 at 15).

Plaintiffs contend this affirmative defense is not proper as "it is a legal assertion and conclusion about the apportionment of damages under the [FTCA]." (Doc. 109 at 10).

Here, DMS Flowers Defendants set forth the relevant statute, the FTCA, limits their liability for non-economic damages "several only and not joint[.]" "This sufficiently apprises Plaintiff[s] of how [DMS Flowers Defendants] will argue that their liability, if any, for non-economic damages should be allocated in proportion to their fault." *Seiden v. Franklin*, No. CV 13-02753-RGK (VBKx), 2013 WL 12638633, at *3 (C.D. Cal. Oct. 1, 2013); *see Mollica v. Cnty. of Sacramento*, No. 2:19-cv-02017-KJM-DB, 2021 WL 2853863, at *4 (E.D. Cal. July 8, 2021) (finding affirmative defense citing to California statute "gives fair notice that the defendants intend to argue and prove that their liability should be limited in proportion to their fault for any California law claims susceptible to a comparative fault analysis."). Accordingly, this affirmative defense is sufficiently pleaded and Plaintiffs' motion to strike this affirmative defense is denied.

**Fifteenth Affirmative Defense: Failure of Consideration**

In its Fifteenth affirmative defense, DMS Flowers Defendants pleads that "there was a failure of consideration." (Doc. 99 at 16).

Plaintiffs contend this affirmative defense is a "bare boilerplate conclusory statement" that fails to identify "what consideration failed, which agreement is at issue, and how the failure occurred." (Doc. 109 at 12).

Though failure of consideration appears to be a proper affirmative defense under California law, *e.g.*, *Facebook, Inc. v. Rankwave Co.*, No. 19-cv-03738 JST, 2020 WL 4460550, at *3 (N.D. Cal. May 1, 2020), here, DMS Flowers Defendants have failed to state the nature and grounds of

the affirmative defense as they allege only a conclusory statement that "there was a failure of consideration." "Without some fact or argument to support the asserted defense, the Court does not find it gives Plaintiff[s] fair notice of the grounds upon which the defense rests." *Vertical Bridge Development, LLC v. Brawley City Council*, No. 21-cv-02153 AJB AHG, 2022 WL 2318690, at *3 (S.D. Cal. June 28, 2022); *accord*, *Facebook, Inc.*, 2020 WL 4460550 at *3 ("Rankwave, however, has failed to plead any facts to put Facebook on notice of the basis of this affirmative defense. Accordingly, the Court will grant Facebook's motion to strike this defense[.]"). Accordingly, Plaintiffs' motion to strike this affirmative defense is granted.

\*   \*   \*   \*   \*

### G. Leave to Amend

DMS Flowers Defendants seek leave to amend its answer should any of its unwithdrawn affirmative defenses be stricken.

Federal Rule of Civil Procedure 15(a) provides that "leave to amend should be freely granted 'when justice so requires.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *see* Fed. R. Civ. P. 15(a)(2); *Rite Aid Corp.*, 2020 WL 230202 at *8 ("Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings.") (citations omitted). However, a court may deny leave to amend if it "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Here, Plaintiffs do not argue it would be prejudiced from an order granting DMS Flowers Defendants leave to amend its answer to the FAC. Plaintiffs instead seek the Court strike the deficient affirmative defenses or in the alternative, order DMS Flowers Defendants to provide a more definite statement under Rule 12(e). (Doc. 119 at 5). As noted above, the Seventh affirmative defense of exemplary/enhanced damages is not a proper affirmative defense, and because amendment of this defense is futile, it is stricken without leave to amend. *Schreiber Distrib. Co.*, 806 F.2d at 1401. However, because DMS Flowers Defendants can cure the deficiencies identified in its Eighth (offset) and Fifteenth (failure of consideration) affirmative defenses, leave to amend is granted insofar DMS Flowers Defendants may cure those in a second amended answer to the

FAC. *Smith*, 203 F.3d at 1127. However, because DMS Flowers Defendants have not articulated good cause to warrant a prolong time period of 90 days before filing a second amended answer, the Court grants leave to amend as set forth below.

## V. Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to strike (Doc. 109) is GRANTED IN PART and DENIED IN PART as follows:

    a. Plaintiffs' motion to strike is GRANTED as to DMS Flowers Defendants' First, Ninth, Tenth, Twelfth, Thirteenth, Fourteenth, and Sixteenth through Twentieth affirmative defenses based on DMS Flowers Defendants' withdrawal, and these affirmative defenses are STRICKEN without leave to amend;

    b. Plaintiffs' motion to strike is GRANTED as to DMS Flowers Defendants' Seventh affirmative defense as an improper affirmative defense and this affirmative defense is STRICKEN without leave to amend;

    c. Plaintiffs' motion to strike is GRANTED as to DMS Flowers Defendants' Eighth and Fifteenth affirmative defenses with leave to amend; and

    d. Plaintiffs' motion to strike is DENIED as to DMS Flowers Defendants' Second, Third, Fourth, Fifth, Sixth, and Eleventh affirmative defenses.

2. DMS Flowers Defendants SHALL FILE **within 21 days** of the entry of this order a second amended answer to Plaintiffs' first amended complaint consistent with this order.

IT IS SO ORDERED.

Dated:   **August 4, 2025**                              _____
                                                                            UNITED STATES MAGISTRATE JUDGE

10