UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIBRALTER, LLC, *et al.*,<br><br>   Plaintiffs,<br><br>   v.<br><br>DMS FLOWERS, LLC, *et al.*,<br><br>   Defendants. | Case No. 1:24-cv-00174-CDB<br><br>ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED OR OTHER DISCIPLINARY ACTION SHOULD NOT ISSUE AGAINST COUNSEL LAURIE DOUCE NORMANDIN<br><br>(Doc. 115)<br><br>**7-DAY DEADLINE** |

**Relevant Background**

On June 9, 2025, Defendant Teleflora, LLC ("Teleflora") filed a motion to dismiss the first amended complaint ("FAC") of Plaintiffs Gibralter, LLC ("Gibralter"), and Divinely, Inc. ("Divinely") (collectively, "Plaintiffs"). (Doc. 111). On June 23, 2025, Plaintiffs filed an opposition to the motion to dismiss. (Doc. 115). On July 3, 2025, Teleflora filed a reply. (Doc. 121). Following review of the parties' filings made in connection with the motion, the Court deemed the motion is suitable for disposition without hearing and oral argument. (Doc. 122) (citing Local Rule 230(g)).

**Order to Show Cause**

In Plaintiffs' opposition to Teleflora's motion to dismiss, Plaintiffs cite to "*Innovation Ventures, LLC, v. Pitts*, 202 F. Supp. 3d 356, 363 (E.D. Mich. 2016)" in support of their assertion

1    that both Plaintiffs have standing to bring this action as trademark owner and exclusive licensee.
2    (Doc. 115 at 7). The case also is listed in the table of authorities of Plaintiffs' opposition. *Id.* at 4.
3    During the Court's review of Plaintiffs' opposition, the Court attempted to locate the *Pitts* case
4    cited in Plaintiffs' brief in opposition to the motion to dismiss but was unable to find any record
5    despite the Court's extensive research efforts on both Westlaw and LEXIS. No search results
6    matched either the parties to the *Pitts* action, the purportedly published citation number, the district
7    court, or the year. It appears this case does not exist, is fictitious, and, as the Court suspects, is a
8    hallucinated case which Plaintiffs have cited to and generated from the improper and undisclosed
9    use of artificial intelligence ("AI"). The markings of the fictitious case indicate Plaintiffs' citation
10   thereto is not merely a scrivener's error.

11   Local Rule 110 of this Court provides: "Failure of counsel or of a party to comply with
12   these Rules or with any order of the Court may be grounds for imposition by the Court of any and
13   all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110.

14   Moreover, Local Rule 180(e) provides: "Standards of Professional Conduct. Every member
15   of the Bar of this Court, and any attorney permitted to practice in this Court under (b), shall become
16   familiar with and comply with the standards of professional conduct required of members of the
17   State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the
18   State Bar of California, and court decisions applicable thereto, which are hereby adopted as
19   standards of professional conduct in this Court. In the absence of an applicable standard therein,
20   the Model Rules of Professional Conduct of the American Bar Association may be considered
21   guidance. No attorney admitted to practice before this Court shall engage in any conduct that
22   degrades or impugns the integrity of the Court or in any manner interferes with the administration
23   of justice." L.R. 180(e).

24   Local Rule 184(a) provides: "Discipline. In the event any attorney subject to these Rules
25   engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge
26   may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after
27   reasonable notice and opportunity to show cause to the contrary, take any other appropriate
28   disciplinary action against the attorney. In addition to or in lieu of the foregoing, the Judge or

Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." L.R. 184(a).

Plaintiffs' brief in which the fictious *Pitts* case is cited is signed by counsel of record Laurie Doucet Normandin. By signing the brief, counsel represented that it was not being presented for any improper purpose, including to cause unnecessary delay, and that all legal contentions set forth therein are warranted by existing law. *See* Fed. R. Civ. P. 11(b). By signing a legal brief that cites fictious law, it appears sanctions against counsel may be warranted. *See* Fed. R. Civ. P. 11(c).

Accordingly, the Court will order counsel for Plaintiffs, Laurie Doucet Normandin, to show cause in writing within seven (7) days why sanctions should not be imposed or other disciplinary action should not issue in light of the suspected improper and undisclosed use of AI in citing to a hallucinated case in Plaintiffs' opposition to Teleflora's motion to dismiss.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that Counsel for Plaintiffs, Laurie Doucet Normandin, **SHALL** show cause in writing **within seven (7) days** from the entry of this order why sanctions should not be imposed or other disciplinary action should not issue in light of Counsel's suspected improper and undisclosed use of AI in citing to a hallucinated case in Plaintiffs' opposition to Teleflora's motion to dismiss.

**Failure to comply with this order to show cause will result in the imposition of sanctions, up to and including dismissal of the action.**

IT IS SO ORDERED.

Dated:  **September 11, 2025**

UNITED STATES MAGISTRATE JUDGE