1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

GIBRALTER, LLC, *et al.*,

Case No. 1:24-cv-00174-CDB

12

Plaintiffs,

ORDER GRANTING CROSS-DEFENDANT
TELEFLORA, LLC'S UNOPPOSED MOTION

13

v.

TO DISMISS THE SECOND AMENDED
CROSS-COMPLAINT WITH PREJUDICE

14

DMS FLOWERS, LLC, *et al.*,

15

Defendants.

(Doc. 128)

16
17

Pending before the Court[1] is the motion of Defendant/Cross-Defendant Teleflora, LLC

18

("Teleflora") to dismiss the second amended cross-complaint ("SACC") of Defendants Daniel

19

Andrade ("Andrade"), Samantha Andrade, DMS Flowers, LLC, and Maria Pantoja (collectively,

20

the "DMS Flowers Defendants"), filed on August 7, 2025. (Doc. 128). On August 21, 2025, DMS

21

Flowers Defendants filed a statement of non-opposition to the motion to dismiss. (Doc. 129).

22

Following review of the parties' filings made in connection with the motion, the Court deemed the

23

motion suitable for disposition without hearing and oral argument. (Doc. 130) (citing Local Rule

24

230(g)). For the reasons set forth herein, the Court will grant Teleflora's motion to dismiss the

25

SACC with prejudice.

26
27

[1] Following all parties' expression of consent to the jurisdiction of a magistrate judge for
all further proceedings in this action, including trial and entry of judgment, on May 22, 2025, this

28

action was reassigned to the undersigned pursuant to 28 U.S.C. § 636(c)(1). (Doc. 105).

1  **I.     Relevant Background**

2      **A.     Procedural History**

3      On February 6, 2024, Plaintiffs Gibralter, LLC ("Gibralter"), and Divinely, Inc.

4  ("Divinely") (collectively, "Plaintiffs") initiated this action with the filing of a complaint against

5  DMS Flowers Defendants.  (Doc. 1).  In his answer to Plaintiffs' complaint (filed while appearing

6  pro se), Andrade asserted a "crossclaim complaint" against Teleflora, a corporation allegedly doing

7  business in Bakersfield, California.  (Docs. 38, 39).

8      The scheduling of the case was complicated and significantly delayed given the entry of

9  defaults against certain Defendants, their pro se status (initially), and the litigation of motions for

10  default judgment and to set aside defaults.  Following a scheduling conference at which the DMS

11  Flowers Defendants appeared pro se, on November 22, 2024, the Court entered the operative

12  scheduling order (*see* Doc. 68), and in the months that followed, the DMS Flowers Defendants

13  retained counsel and successfully litigated the setting aside of defaults (*see* Docs. 44, 89).

14      On December 30, 2024, the Court granted the parties' construed joint motion for joinder of

15  putative Defendant/Cross-Defendant Teleflora under either Rule 19(a)(1)(A) and (B) as a required

16  party or under Rule 20(a)(2) as a permissive party.  (Doc. 78).  On March 24, 2025, the Court

17  granted the parties' unopposed motions to amend the complaint and to amend the DMS Flowers

18  Defendants' crossclaim against Teleflora.  (Doc. 90).  On March 25, 2025, the DMS Flowers

19  Defendants filed the first amended cross-complaint and on March 27, 2025, Plaintiffs filed the first

20  amended complaint ("FAC").  (Docs. 92, 93).  On May 15, 2025, the DMS Flowers Defendants

21  filed an answer to the FAC.  (Doc. 99).

22      On July 14, 2025, the Court granted Teleflora's request for judicial notice and motion to

23  dismiss the first amended cross-complaint of DMS Flowers Defendants with leave to amend certain

24  claims.  (Doc. 123).  DMS Flowers Defendants filed the operative, second amended cross-

25  complaint ("SACC") against Teleflora on July 25, 2025.  (Doc. 125).

26      **B.     Factual Background of DMS Flower Defendants' SACC**

27      In the SACC, DMS Flowers Defendants seek to recover for negligence, breach of contract,

28  intentional interference with contractual relations, and breach of the covenant of good faith and fair

dealing on the part of Teleflora. (Doc. 125 ¶ 1). DMS Flowers Defendants allege that they are in the business of selling flowers online and that in June 2023, Defendant Daniel Andrade purchased a business called "All My Love Fresh Flowers." *Id.* ¶¶ 13, 14. DMS Flowers Defendants allege that Andrade inadvertently erred in changing the business name to "Bloomingful Flowers" (the "MARK") as he was unaware it was a trademarked name owned by Plaintiffs. *Id.* ¶¶ 15, 16. Andrade advertised the grand opening of the business through various media, including radio. *Id.* ¶ 16. DMS Flowers Defendants allege that their business model involves receiving orders from Teleflora, who advertised DMS Flowers online. *Id.* ¶ 17.

On September 19, 2023, Plaintiffs sent a cease-and-desist letter to Defendants Maria Pantoja and Samantha Andrade, demanding that they cease and desist all trademark infringement involving the use of or affiliation with the MARK. *Id.* ¶ 18. On October 12, 2023, Plaintiffs followed up with an email requesting proof of the steps taken to stop using the MARK. *Id.* ¶ 19. DMS Flowers Defendants allege they promptly took steps to discontinue using the MARK by changing the business name to DMS Flowers LLC, obtaining a new EIN number, opening a new bank account, filing an amendment to the articles of organization to change the name of their business to DMS Flowers, LLC, registering a new domain name thereto, and filing a fictitious business name statement and an abandonment statement to reflect the updated business name. *Id.* ¶¶ 20-26.

DMS Flowers Defendants allege that Teleflora was supposed to remove the previous name, "Bloomingful Flowers LLC," from their advertisements when they informed Teleflora of the trademark infringement issue prior to December 10, 2023, and Teleflora acknowledged the request by forwarding them the forms to facilitate the change on December 11, 2023. *Id.* ¶¶ 17, 28. Teleflora sent DMS Flowers Defendants the Teleflora contract for membership form and the standard terms and conditions of membership ("Membership Contract"). *Id.* ¶ 29. DMS Flowers Defendants were enrolled in the Teleflora eFlorist Program Agreement ("eFlorist Program Contract") which set forth the terms and conditions on which Teleflora will provide certain services related to DMS Flower Defendants' website. *Id.* ¶ 31; *see id.* at 12-15, Exhibit ("Ex.") A. DMS Flowers Defendants allege that on February 24, 2024, Teleflora failed to comply with its December 11, 2023, request to change the MARK to "DMS Flowers" and by that time, DMS Flowers

3

1    Defendants were facing the instant lawsuit for infringement from Plaintiffs and were damaged due

2    to Teleflora's delay.  *Id.* ¶¶ 37, 38.  The SACC alleges that Teleflora did not remove the MARK

3    from DMS Flowers Defendants' advertisements for more than two months after the request to do

4    so, leading to Teleflora's breach of the convent of good faith and fair dealing, and "is the proximate

5    cause" for Plaintiffs' claims.  *Id.* ¶¶ 42, 43.

6        In Crossclaim 1, DMS Flowers Defendants assert a breach of contract claim against

7    Teleflora, alleging that the contract entered between them set forth Teleflora's agreement to

8    immediately modify the contents of DMS Flowers Defendants' website to remove the infringing

9    MARK and replace it with the DMS Flowers name, and to monitor the website to ensure that

10    information was not used contrary to law, and if it was, Teleflora was obligated to terminate the

11    website.  *Id.* ¶¶ 44, 45.  The SACC alleges that Teleflora breached these contractual obligations by

12    failing to ensure DMS Flowers Defendants' information was not used contrary to law and to

13    terminate the website until February 24, 2024, despite Defendant Andrade notifying Teleflora to

14    change the business name prior to December 11, 2023, thereby exposing DMS Flowers Defendants

15    to Plaintiffs' claims.  *Id.* ¶¶ 47, 48, 51.

16        In Crossclaim 2, DMS Flowers Defendants assert a claim for breach of the covenant of good

17    faith and fair dealing against Teleflora, alleging Teleflora breached the covenant by failing to

18    promptly remove the MARK from their advertisements until February 24, 2024, after DMS Flowers

19    Defendants notified them before December 11, 2023, about the trademark infringement issue and

20    requested the name change.  *Id.* ¶ 57.

21        DMS Flowers Defendants seek general damages of $150,000 for financial losses incurred

22    due to the delay in updating the business name, special damages, pre-judgment and post-judgment

23    interest, and costs.  *Id.* at 9.

24    **II.    Governing Authority**

25        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss

26    a plaintiff's complaint for failing "to state a claim upon which relief can be granted."  Fed. R. Civ.

27    P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  *N. Star*

28    *Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983) (citing *Peck v. Hoff*, 660 F.2d 371,

374 (8th Cir. 1981)).  A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 533-34 (9th Cir. 1984)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief).  A complaint satisfies the plausibility requirement if it contains sufficient facts for the court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all allegations put forth in the complaint and construe all facts and inferences in favor of the non-moving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Hebbe v. Pliler*, 627 F.3d 338, 340 (9th Cir. 2010).  The complaint need not include "detailed factual allegations," but must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted).  The Court is "not 'required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).  Nor does the court "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

## III.    Parties' Contentions

Teleflora moves to dismiss the SACC, asserting the first crossclaim for breach of contract should be dismissed with prejudice because the Court's order dismissing the FACC provided leave to amend only to the extent DMS Flowers Defendants could allege breach of agreements other than

1    the parties' judicially noticed contracts, and the SACC fails to allege any contractual obligation

2    Teleflora allegedly breached.  (Doc. 128 at 2).  Teleflora asserts the second crossclaim for breach

3    of the implied covenant of good faith and fair dealing should be dismissed with prejudice because

4    DMS Flowers Defendants again fail to point to any provision in any agreement between the parties

5    on which to tether an implied obligation.  *Id.*

6        As noted above, DMS Flowers Defendants filed a statement of non-opposition to

7    Teleflora's motion to dismiss the SACC on August 21, 2025.  (Doc. 129).  DMS Flowers

8    Defendants concede they misread the Court's order "dismissing the breach of contract crossclaim

9    with prejudice as to any claims arising from the breach of the terms of the judicially noticed written

10   contract" (*see* Doc. 123) when drafting the SACC, and after reading the instant motion to dismiss

11   and the Court's order dismissing the FACC, DMS Flowers Defendants "believe that there are no

12   ground on which to oppose the motion."  *Id.* at 2.

13   **IV.    Discussion**

14       **A.    Crossclaim 1: Breach of Contract**

15           1.    *Governing Authority*

16       Under California law, the elements of a breach of contract claim are: "(1) the existence of

17   a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and

18   (4) the resulting damages to the plaintiff."  *Phillips 66 Company v. Bananzadeh*, No. 2:21-cv-

19   01747-JAM-JDP, 2022 WL 1036632, at *2 (E.D. Cal. Apr. 6, 2022) (citing *McVicar v. Goodman

20   Glob., Inc.*, 1 F. Supp.3d 1044, 1056 (C.D. Cal. 2014); *see Oasis W. Realty, Inc. v. Goldman*, 51

21   Cal. 4th 811, 821 (2011).  "Under the federal rules, a plaintiff may set forth the contract verbatim

22   in the complaint or plead it, as indicated, by exhibit, or plead it according to its legal effect."

23   *Bananzadeh*, 2022 WL 1036632 at *2 (citing *Boland, Inc. v. Rolf C. Hagen (USA) Corp.*, 685 F.

24   Supp.2d 1094, 1102 (E.D. Cal. 2010)).

25           2.    *Analysis*

26       In the Court's order dismissing the FACC, the Court dismissed the breach of contract

27   crossclaim without prejudice to the extent DMS Flowers Defendants can sufficiently allege a

28   breach of other agreements aside from the judicially noticed written contract in a further amended

6

cross-complaint. (Doc. 123 at 12). As DMS Flowers Defendants concede, the breach of contract crossclaim of the SACC fails to allege a breach of an agreement other than the judicially noticed written contract. *See* (Doc. 125 ¶¶ 44-54). Therefore, because the breach of contract crossclaim fails for the same reasons as articulated in the Court's order dismissing the FACC, and in light of DMS Flowers Defendants' statement of non-opposition, DMS Flowers Defendants have failed to state a claim for breach of contract, and the Court will grant Teleflora's motion to dismiss the crossclaim. *See* (Doc. 123 at 11) ("Without plausibly identifying a provision of the parties' written agreement that allegedly was violated, DMS Flowers Defendants fail to demonstrate "specific obligations" Teleflora breached, and the breach of contract crossclaim is thus insufficient to survive a motion to dismiss.") (citing *Millsaps v. State Farm Ins. Cos*., No. 2:24-cv-3673DC-JDP (PS), 2025 WL 457983, at *2 (E.D. Cal. Feb. 11, 2025) ("The complaint is … subject to dismissal for failure to state a claim … [T]he complaint must identify the specific provision of the contract allegedly breached by the defendant. … Plaintiff neither provides allegations … nor specifies the provisions of the contract that defendant allegedly breached.")); (Doc. 129 at 2) ("[DMS Flowers Defendants] concede that there are no grounds on which to oppose the motion."). And because it appears the breach of contract crossclaim cannot be saved by further amendment given DMS Flowers Defendants' concession thereto, the claim will be dismissed with prejudice. *See Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995) ("In dismissing for failure to state a claim, 'a district court should grant leave to amend … unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (citing *Cook, Perkiss & Liehe v. N. Cal. Collection Service*, 911 F.2d 242, 247 (9th Cir. 1990)).

**B.** **Crossclaim 2: Breach of the Implied Duty of Good Faith and Fair Dealing**

1. *Governing Authority*

Under California law, "every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Evanston Ins. Co. v. Harrison*, No. 2:20-cv-01672 WBS KJN, 2021 WL 260011, at *2 (E.D. Cal. Jan. 26, 2021) (citing *Jonathan Neil & Assocs., Inc. v. Jones*, 33 Cal. 4th 917, 937 (2004)). "The precise nature and extent of the duty imposed by the implied covenant of good faith depends on the purpose of the underlying contract." *Id.* The implied

covenant "cannot impose substantive duties beyond those incorporated in the specific terms of a contract." *Id.* (citing *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349 (2000)). "[T]he covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct that frustrates the other party's rights to the benefits of the agreement." *City of Fresno v. Tokio Marine Specialty Ins. Co.*, 1:18-cv-00504-LJO-SAB, 2018 WL 3691407, at *4 (E.D. Cal. Aug. 1, 2018) (citing *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 36 (1995), as modified on denial of rehearing (Oct. 26, 1995)).

"A breach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself, and it has been held that [b]ad faith implies unfair dealing rather than mistaken judgment[.]" *Id.* (citing *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 90 Cal. App. 4th 335, 345 (2001) (citation and quotations omitted)).

2.    *Analysis*

In the Court's order granting Teleflora's motion to dismiss the FACC, the Court dismissed the second crossclaim for breach of the implied covenant of good faith and fair dealing, finding the FACC fails to state a claim because it "is not tethered to any term of provision of the parties' written contract." (Doc. 123 at 13).  Relevant here, counsel for DMS Flowers Defendants had asserted at the earlier motion hearing that a purported email exchange between the parties regarding the requested name change "would change" the performance of the parties' agreement.  During the motion hearing, counsel for Teleflora acknowledged that DMS Flowers Defendants might plausibly assert a crossclaim for breach of the implied covenant of good faith and fair dealing should they allege that the parties reached an understanding via email that Teleflora would take certain action with respect to the parties' agreement.  This exchange during the motion hearing informed the Court's decision in granting the earlier motion to dismiss to extend to DMS Flowers Defendants leave to amend the crossclaim should they be able to plausibly allege a valid duty of good faith and fair dealing on Teleflora tethered to the parties' agreement.  *Id.* at 14-15.

Now, DMS Flowers Defendants concede in their statement of non-opposition that there are no grounds on which to oppose the motion.  (Doc. 129 at 2).  Indeed, upon review of the SACC's allegations supporting the crossclaim for breach of the implied covenant of good faith and fair

dealing, the Court finds the claim likewise fails for the same reasons articulated in the Court's order dismissing the FACC.  The SACC fails to allege a valid duty of good faith and fair dealing on Teleflora tethered to any part of the parties' agreement and does not refer to any email exchange as referenced by DMS Flowers Defendants at the motion hearing.  *See* (Doc. 123 at 15) ("[T]he Court grants Teleflora's motion to dismiss the breach of the implied covenant of good faith and fair dealing crossclaim without prejudice to the extent DMS Flowers Defendants can amend the crossclaim to plausibly allege a valid duty of good faith and fair dealing on Teleflora tethered to the parties' agreement.").  Accordingly, DMS Flowers Defendants have again failed to state a claim for breach of the implied covenant of good faith and fair dealing, and Teleflora's motion to dismiss the crossclaim in the SACC will be granted.  Because DMS Flowers Defendants concede they have no opposition to the motion to dismiss and have not alleged sufficient facts to impose a duty of good faith and fair dealing on Teleflora despite having the opportunity to do so in the SACC, the dismissal is with prejudice.  *See Doe*, 58 F.3d at 497.

**V.    Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Defendant/Cross-Defendant Teleflora, LLC's motion to dismiss (Doc. 128) is GRANTED; and

2.    DMS Flowers Defendants' Second Amended Cross-Complaint (Doc. 125) is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated:    **September 18, 2025**

UNITED STATES MAGISTRATE JUDGE

9