UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIBRALTER, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DMS FLOWERS, LLC, *et al.*, <br><br> Defendants. | Case No. 1:24-cv-00174-CDB <br><br> ORDER DISCHARGING SEPTEMBER 11, 2025, ORDER TO SHOW CAUSE <br><br> (Doc. 133, 134) |

**Relevant Background**

On June 9, 2025, Defendant Teleflora, LLC ("Teleflora") filed a motion to dismiss the first amended complaint ("FAC") of Plaintiffs Gibralter, LLC ("Gibralter"), and Divinely, Inc. ("Divinely") (collectively, "Plaintiffs"). (Doc. 111). On June 23, 2025, Plaintiffs filed an opposition to the motion to dismiss. (Doc. 115). On July 3, 2025, Teleflora filed a reply. (Doc. 121). Following review of the parties' filings made in connection with the motion, the Court deemed the motion is suitable for disposition without hearing and oral argument. (Doc. 122) (citing Local Rule 230(g)).

On September 11, 2025, the Court ordered counsel for Plaintiffs Laurie Doucet Normandin to show cause ("OSC") in writing within seven days why sanctions should not be imposed, or other disciplinary action should not issue. (Doc. 133). The Court noted from reviewing Plaintiffs' opposition to Teleflora's motion to dismiss the FAC that Plaintiffs cited to a fictitious case—

1  "*Innovation Ventures, LLC, v. Pitts*, 202 F. Supp. 3d 356, 363 (E.D. Mich. 2016)"—in support of
2  their assertion that both Plaintiffs have standing to bring this action as trademark owner and
3  exclusive licensee. *Id.* (citing (Doc. 115 at 7)). Because the Court was unable to find any record
4  of the *Pitts* action, and the case appears to be a hallucinated case generated from the improper and
5  undisclosed use of artificial intelligence ("AI"), the Court ordered counsel for Plaintiffs to show
6  cause as set forth above. *Id*. at 3.

7  Pending before the Court is counsel for Plaintiffs' timely response to the OSC, filed on
8  September 17, 2025. (Doc. 134). Counsel represents that her citation to the *Pitts* case in Plaintiffs'
9  opposition to Teleflora's motion to dismiss was the product of inadvertent error and the correct
10 citation for the referenced case is *Innovation Ventures, LLC v. Pittsburg Wholesale Grocers, Inc.*,
11 No. C 12–05523 WHA, 2013 WL 1007666 (N.D. Cal. Mar. 13, 2013). *Id.* at 2. Counsel represents
12 the correct case stands for the same proposition as argued in the opposition that an exclusive
13 licensee has standing to sue for trademark infringement. *Id.* Counsel represents that she used
14 various research sources, "including sources that incorporate AI[,]" in preparing the opposition. *Id.*
15 She represents that an inaccurate citation for the second half of the case citation of the case was
16 inadvertently included and overlooked, for which she apologizes as an unintentional oversight and
17 not presented for an improper purpose, for delay, nor to undermine the judicial process. *Id.* at 2-3.
18 Counsel represents that additional precautions will be implemented to prevent similar errors in the
19 future, and requests that sanctions not be imposed and the citation be deemed corrected. *Id.* at 3.

20 Counsel for Plaintiffs' representation that she inadvertently included and overlooked the
21 "second half of the case citation" for the fictitious *Pitts* case understates the situation at bar—in
22 drafting the opposition, counsel included the *Pitts* case, placing the parties' names, published
23 reporter, pin cite, year, and district court before signing the opposition and filing it before the Court.
24 To her credit, counsel concedes that this likely was the result of her use of AI-assisted research and
25 drafting tools in drafting her opposition brief. As counsel was admonished, under Local Rule
26 180(e), "[n]o attorney admitted to practice before this Court shall engage in any conduct that
27 degrades or impugns the integrity of the Court or in any manner interferes with the administration
28 of justice." (Doc. 133 at 2) (citing L.R. 180(e)). *See United State. v. Hayes*, 763 F. Supp. 3d 1054,

1064 (E.D. Cal. 2025) ("Submitting fictitious cases and quotations to the court 'degrades or impugns the integrity of the Court' and 'interferes with the administration of justice' in violation of Local Rule 180(e), and violates California Rules of Professional Conduct 3.1(a)(2), 3.3(a)(1), and 3.3(a)(2).") (citation omitted).  Counsel's carelessness is a discredit to the bar and a disservice to her client (*see* Rules 1.3 & 3.1, Cal. R. Prof. Cond.), and unnecessarily consumes the limited resources of this Court in managing its docket.

However, based on counsel for Plaintiffs' response to the OSC and candor in admitting to using various research sources "including sources that incorporate AI," representation that her inaccurate citation was an unintentional oversight from such use, and her representation that she will implement (albeit, unspecified) "precaution to prevent future similar errors," the Court finds good cause to discharge the September 11, 2025, OSC (Doc. 133) without the imposition of sanctions. *See In re Veritas Software Corp. Sec. Litig*., 496 F.3d 962, 973 (9th Cir. 2007). Counsel is admonished to exercise due care in using AI tools and resources in the preparation and drafting of her filings before the Court.  *See* Fed. R. Civ. P. 11(b).

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED, the September 11, 2025, order to show cause (Doc. 133) is DISCHARGED without the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **September 19, 2025**                    _____

UNITED STATES MAGISTRATE JUDGE