UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIBRALTER, LLC, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>DMS FLOWERS, LLC, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:24-cv-00174-CDB<br><br>ORDER ON JOINT REPORT AND STIPULATION REGARDING CASE MANAGEMENT DATES AND DEADLINES<br><br>(Docs. 68, 151) |

Plaintiffs Gibralter, LLC ("Gibralter"), and Divinely, Inc. ("Divinely") (collectively, "Plaintiffs") proceed in this action with a second amended complaint ("SAC") against Defendants Daniel Andrade ("Andrade"), Samantha Andrade, DMS Flowers, LLC, and Maria Pantoja (collectively, "Defendants"). (Doc. 138).

On May 28, 2025, the Court vacated all case management dates and deadlines of the scheduling order (Doc. 68) pending disposition of Defendant/Cross-Defendant Teleflora, LLC's motion to dismiss, holding that "[a]n amended scheduling order will enter following disposition" thereof. (Doc. 108). On January 26, 2026, following disposition of motions to dismiss, Teleflora, LLC was dismissed from this action with prejudice. (Doc. 149); *see* (Docs. 123, 132, 135). On January 27, 2026, the Court ordered the parties to meet and confer and file no later than February 3, 2026, a joint report regarding the further scheduling of this case, including proposed case management dates for all remaining discovery, pretrial motion, and trial dates. (Doc. 150).

Pending before the Court[1] is the parties' joint report and stipulation regarding the further scheduling of this case, filed on February 2, 2026. (Doc. 151). Plaintiffs represent that they are "still awaiting long overdue discovery from Defendants" and that a protective order has not been filed as "Defendants are, in essence, holding non-privileged documents until the completion thereof." *Id.* at 2. Plaintiffs represent they are considering propounding additional written discovery, however, they need to receive responsive documents from their initial request before finalizing plans for additional discovery. *Id.* For their part, Defendants represent they have propounded written discovery on Plaintiffs totaling 72 separate requests for production of documents, and Plaintiffs have provided responses on May 5, 2025, but produced no documents and instead provided a two-page preliminary statement and 15 separate general objections with boilerplate objections to each of the 72 responses. *Id.* at 2-3. Defendants represent that they have proposed a protective order that was rejected by Plaintiffs, but that issue appears resolved and, according to Defendants, a newer version of the proposed protective order is under review by Plaintiffs. *Id.* at 3. Defendants represent they are considering propounding additional written discovery "but need to receive responsive documents from its initial request before finalizing plans for additional discovery." *Id.*

The parties represent they have met and conferred and have agreed to the following new dates and deadlines for this case:

| Event | Proposed Date |
| --- | --- |
| Initial Disclosures | 11/24/2024 |
| Non-Expert Discovery | 09/07/2026 |
| Plaintiff's Expert Disclosures | 09/21/2026 |
| Rebuttal Expert Disclosures | 10/19/2026 |
| Expert Discovery | 11/18/2026 |
| Mid-Discovery Status Report | 07/27/2026 |

[1] Following all parties' expression of consent to the jurisdiction of a magistrate judge for all further proceedings in this action, including trial and entry of judgment, on May 22, 2025, this action was reassigned to the undersigned pursuant to 28 U.S.C. § 636(c)(1). (Doc. 105).

| Mid-Discovery Status Conference | 08/03/2026 |
|---|---|
| Non-Dispositive Motion Filing | 12/02/2026 |
| Non-Dispositive Motion Hearing | 01/06/2027 |
| Dispositive Motion Filing | 02/03/2027 |
| Dispositive Motion Hearing | 03/17/2027 |
| Pretrial Conference | 04/28/2027 |
| Jury Trial | 06/28/2027 |

**Discussion**

Based on the parties' representations in their joint report, and the stipulated dates as proposed for the further scheduling of this case, the Court finds good cause to enter the stipulated case management dates as modified below.

The Court observes that, in their stipulation, the parties accuse each other of failing to timely respond to each other's propounded written discovery and appear to cast blame at one another for their collective failure to agree upon a protective order. In the operative scheduling order, the Court admonished the parties that the case management dates are considered "firm" (Doc. 68 at 9) and highlighted for the parties their responsibility to resolve discovery disputes through mandatory meet/confer efforts or, if unsuccessful, to promptly follow the Court's provisions to request an informal discovery dispute conference. *Id.* at 5.

If an aggrieved party fails to undertake good faith meet/confer efforts in the face of a perceived discovery dispute or fails to timely seek a discovery conference with Court following unsuccessful meet/confer efforts, the Court will not be inclined to find good cause to grant further extensions of discovery deadlines at the eleventh hour.

///

///

///

///

///

3

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that the scheduling order (Doc. 68) is amended as modified:

| Event | Amended Date |
|---|---|
| Non-Expert Discovery | 09/07/2026 |
| Plaintiff's Expert Disclosures | 09/21/2026 |
| Rebuttal Expert Disclosures | 10/19/2026 |
| Expert Discovery | 11/18/2026 |
| Mid-Discovery Status Report | 07/27/2026 |
| Mid-Discovery Status Conference (CDB) | 08/03/2026 at 9:00 AM |
| Non-Dispositive Motion Filing | 12/02/2026 |
| Non-Dispositive Motion Hearing (CDB) | 01/06/2027 at 10:30 AM |
| Dispositive Motion Filing | 02/03/2027 |
| Dispositive Motion Hearing (CDB) | 03/17/2027 at 10:30 AM |
| Pretrial Conference (CDB) | 5/12/2027 at 10:30 AM |
| Jury Trial (CDB) | 07/12/2027 at 8:30 AM |

All other provisions of the scheduling order (Doc. 68) not in conflict with this order remain in effect.

IT IS SO ORDERED.

Dated:   **February 3, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

4